IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY LYNN WILSON,                      )
                                      )
            Plaintiff,                )
                                      )
      -vs-                            )          Civil Action No.   14-38
                                      )
CAROLYN W. COLVIN,                    )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
            Defendant.                )

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 12).   Plaintiff has also filed a separate Motion to Remand.   (ECF No. 9).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 13).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and Motion to Remand (ECF Nos. 7 and 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## I.   BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act").   Plaintiff filed an application for benefits in May of 2011, alleging she had been disabled since February 28, 2008. (ECF No. 5-5, pp. 8-19).    Administrative Law Judge ("ALJ") William E. Kenworthy held a hearing on October 9, 2012.   (ECF No. 5-2, pp. 42-47).   On October 23, 2012, the ALJ found that

1

Plaintiff was not disabled under the Social Security Act.  (ECF No. 5-2, pp. 30-37).   After exhausting all administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions. (Docket Nos. 7,  9 and 13).   The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.      Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Motion to Remand

To begin with, Plaintiff submits that remand is warranted because the ALJ erred in failing to discuss the opinions of Lawson Bernstein, M.D. (ECF No. 9 and No. 8, pp. 8-9). Defendant counters that the ALJ adequately supported his decision with substantial evidence and should be affirmed. (ECF No. 15). After a review of the record, I agree that the ALJ completely failed to mention the opinions set forth in Exhibit 5F. (ECF No. 5-11, pp. 29-34).

While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r*

*of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008). To that end, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000)*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981); *Fargnoli v. Massanari,* 247 F.3d 34, 44 (3d Cir. 2001). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

In the present case, I find the ALJ failed to meet this standard. The ALJ does not discuss or even mention the opinions of Dr. Bernstein (ECF No. 5-11, pp. 29-34). (ECF No. 5-2, pp. 30-37). As a result, I am unable to tell if the ALJ considered and rejected the opinions or if he failed to consider the same. Contrary to Defendant's argument, it is irrelevant whether Dr. Bernstein is a treating source. The doctor's opinions, as part of the record, should have been discussed. 20 C.F.R. §§ 404.1527; 416.927. "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... he must consider all of the evidence and give some reason for discounting the evidence he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The ALJ's failure to discuss the opinions of Dr. Bernstein prohibits me from conducting a proper and meaningful review.

Therefore, I find the remand is warranted for further consideration on this issue. On remand, the ALJ must provide a more thorough and well-reasoned discussion of the evidence.

## C.   Motion for Summary Judgment

Plaintiff next asserts that the ALJ erred in assessing Plaintiff's credibility. (ECF No. 8, p. 9). An ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637

F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

To support her position, Plaintiff argues that the ALJ did not have the opportunity to properly evaluate Plaintiff's credibility because Plaintiff did not attend the hearing and, thus, did not testify. (ECF No. 8, p. 9). Specifically, Plaintiff argues that she did not attend the hearing because she did not get notice of the hearing. *Id.* After a review of the record, I disagree.

Plaintiff was sent notice of the hearing to the address she provided. *See,* ECF Nos. 5-3, p. 2; 5-4, pp. 2, 8, 10, 35; 5-5, p. 8). The notice was also sent to her attorney. (ECF No. 5-4, p. 39). Her attorney attended and represented her at the hearing. (ECF No. 5-2, pp. 42-47). Plaintiff's counsel offered no explanation for why his client was not in attendance and indicated that he last spoke to Plaintiff about two weeks prior to the hearing. (ECF No. 5-3, p. 44). He guessed that she was aware of the hearing. *Id.* Additionally, Plaintiff's counsel did not request a postponement of the hearing nor did he raise any objection to proceeding with the hearing in the absence of Plaintiff. (ECF No. 5-2, pp. 42-47). Based on the same, I find no merit to the argument that Plaintiff did not have notice of the hearing.

Plaintiff is requesting that I remand the case so that the ALJ may review an affidavit Plaintiff submitted to the Appeals Council. (ECF No. 8, p. 9). If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing,*

*Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

Plaintiff was represented by counsel at the hearing and at no time did counsel object or indicate that the record should be held open for the submission of Plaintiff's testimony. Clearly, the information could have been obtained at or prior to the time of the ALJ's decision. Yet, for unknown reasons, Plaintiff did not seek to obtain or submit her affidavit prior to the ALJ's decision. Consequently, I find that Plaintiff has not shown good cause for her failure to submit the additional evidence to the ALJ.

Additionally, I find Plaintiff's affidavit is not new. While I acknowledge that it may not have existed at the time of the decision of the ALJ, it was available to Plaintiff prior to the date of the decision. *See, Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990) (new evidence is that which did not exist or was not available to the claimant at the time).

Thus, for these reasons, remand under Sentence Six is not warranted.[1]

An appropriate order shall follow.

---

[1] Plaintiff raises two additional issues in her Motion for Summary Judgment:   1) Whether the ALJ erred in not giving controlling weight to Dr. Seilhamer; and 2) Whether the ALJ erred in failing to accepting the hypothetical questions given to the vocational expert and the vocational expert's responses thereto.   (ECF No. 8, pp. 8-9).   Since I have found that remand is warranted as set forth above, the issues are moot, as the ALJ's opinion on these issues may change on remand. Therefore, these issues must be revisited on remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY LYNN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No.   14-38 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 29th day of September, 2014, it is ordered that Plaintiff's Motion for

Summary Judgment (ECF No. 7) and Motion to Remand (ECF No. 9) are granted in part and

denied in part and Defendant's Motion for Summary Judgment (Docket No. 13) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby

vacated and the case is remanded for further proceedings consistent with the foregoing opinion.


BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge